STEVEN KESTEN, ESQ. (SBN 152376)
SAMUEL KESTEN, ESQ. (SBN 300073)
Kesten-Law
POB 426
San Anselmo, CA 94979
Phone: (415) 457-2668
Fax: (888) 619-3210

Attorneys for Plaintiffs JAMES ARTHUR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ARTHUR;<br><br>Plaintiff,<br><br>v.<br><br>CONSTELLATION BRANDS, INC. DBA ROBERT MONDAVI WINERY; ADECCO USA, INC. DBA ADECCO STAFFING; and DOES ONE through TWENTY, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>1. Interference with FMLA Rights (29 U.S.C. §§ 2601, *et seq.*);<br>2. Violation of CFRA Rights (Gov't Code §§ 2601, *et seq.*);<br>3. Disability Discrimination, Retaliation and Wrongful Discharge (42 U.S.C. §§ 12101 *et seq.* and Gov't. Code §12940 et seq.);<br>4. Failure to Provide Reasonable Accommodation (Gov't Code § 12940(m));<br>5. Failure to Engage in Good Faith in An Interactive Process (Gov't Code § 12940(n));<br>6. Failure To Pay Overtime And For All Hours Worked (29 U.S.C. §§ 207, 216(B), And 255(A));<br>7. Failure To Pay Overtime Wages And For All Hours Worked (Cal. Labor Code §§ 510, 1194, 1194.1 1197, 1771, 1776);<br>8. Failure To Provide An Itemized Wage Statement (Cal. Labor Code § 226);<br>9. Waiting Time Penalties (Cal. Labor Code § 203); and<br>10. Failure to Pay Meal and Rest Break Compensation (Cal. Labor Code § 226.7<br>11. Restitution For Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*). |

## NATURE OF THE CASE

This action is brought by Plaintiff JAMES ARTHUR ("JAMES" or "PLAINTIFF") who

1

worked as a wine educator for Defendants CONSTELLATION BRANDS, INC. DBA ROBERT MONDAVI WINERY ("MONDAVI" or DEFENDANT(S)); ADECCO USA, INC. DBA ADECCO STAFFING ("ADECCO" or DEFENDANT(S)); and DOES ONE through TWENTY (wherever the term DEFENDANT or DEFENDANTS is used in this complaint the term(s) shall mean Defendants, and each of them) for interference with FMLA rights under 29 U.S.C. §§ 2601 et seq., violation of CFRA rights under Gov't. Code §§ 12945.1 et seq., disability discrimination, retaliation, wrongful discharge, failure to provide reasonable accommodation, and failure to engage in good faith in an interactive process under Gov't Code §§ 12940 et seq. Plaintiff also seeks compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), waiting time penalties under California Labor Code § 203, failure to pay meal and rest break violation under Labor Code § 226.7, wage stub penalties under Labor Code §226 and attorney's fees, costs, and pre-judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b).

1. Plaintiff's claims against Defendants allege violations of the California Family Rights Act (§§ 12945.1 et seq. of the Government Code) ("CFRA") and the Family and Medical Leave Act (§§ 2601 et seq. of the United States Code) ("FMLA") which prohibit interference with an employee's right to medical leave and retaliation for an employee's exercise of the right to medical leave; and violation of the Americans with Disabilities Act (42 U.S.C. §§ 12101 et seq.) and the Fair Employment and Housing Act {subdivisions (a), (m) & (n) of § 12940 of the Government Code} ("FEHA") which prohibit discrimination against an employee with a disability, failure to provide reasonable accommodation, and failure to engage in an interactive process.

2. Defendant's policies and practices violate 29 U.S.C. § 216(b); California Industrial Welfare Commission ("IWC") Wage Orders; California Code of Regulations, Title 8, Chapter 5, § 11070; California Labor Code §§ 200, 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1194, and 1194.2; and California Business and Professions Code §§ 17200 et seq. (the "Unfair Business Practices Act").

These laws require, inter alia, that employees be paid at least minimum wage for all hours worked, be paid for overtime hours at the correct overtime rate, be provided mandatory meal and rest breaks, and that all hours worked by employees be accurately reflected on a written, itemized statement.

**SUBJECT MATTER JURISDICTION AND VENUE**

3. This Court is a proper venue, since events giving rise to this lawsuit have occurred in this district. Specifically, Plaintiff primarily worked at Defendants' businesses located in Napa, CA.

4. This Court has federal question jurisdiction over the FMLA and FLSA claims pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367.

**PARTIES TO THE ACTION**

5. Plaintiff JAMES ARTHUR was, and at all relevant times herein is, an individual over the age of eighteen and a resident of California and was employed by Defendant within the statute of limitations in this action.

6. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant CONSTELLATION BRANDS, INC. DBA ROBERT MONDAVI WINERY is engaged in the winery business and ADECCO USA, INC. DBA ADECCO STAFFING is engaged in the employment staffing business.

7. Plaintiff is informed and believes and therefore alleges that Defendants jointly employed Plaintiff as a wine consultant retail worker and tour guide in a non-exempt capacity.

**FACTUAL BACKGROUND**

8. On or about June 3, 2015, PLAINTIFF completed hiring paperwork at ADECCO prior to beginning employment at MONDAVI. On or about June 4, 2015, PLAINTIFF was contacted via email by MONDAVI with instructions to begin work on June 8, 2015 at MONDAVI. JAMES became employed by both ADECCO and MONDAVI and Does 1-20, and each of them and each

3
COMPLAINT

held the power to prevent plaintiff James Arthur from performing work. At all times relevant, defendants and each of them directly or indirectly, or through an agent or any other person, employed or exercised control over the wages, hours, or working conditions of plaintiff James Arthur. Defendants, and each of them, had the power and employed or exercised control over the hiring or firing of plaintiff James Arthur; exercised power and control to supervise plaintiff; exercised power and control over plaintiff's work schedule and conditions of employment; exercised power and control in determining the rate of pay for plaintiff James Arthur; exercised power and control to determine whether or not plaintiff would continue to work; and each defendant maintained employment records relating to plaintiff James Arthur. The work performed by plaintiff James Arthur was an integral part of defendants' business. Plaintiff James Arthur was economically dependent on defendants, his employers, and was not on similar footing with his employers in the context of the employment relationship. Plaintiff's economic assets were derived from his judgment and initiative rather than technical skill.

9. During his employment, PLAINTIFF'S training and work activities were directed and controlled by MONDAVI and ADECCO. PLAINTIFF conducted wine education and tours, working in the winery retail shop, and training new guides. PLAINTIFF was a hard worker who performed his job duties well, receiving many positive comment cards from customers during his employment with ADECCO and MONDAVI, yet on June 1, 2016, he was discriminated against and unlawfully terminated by MONDAVI and ADECCO and a recent offer of full time employment at MONDAVI was withdrawn based on his need for medical leave to take care of his wife, Karen, and his need to occasionally take time off from work for his own disability. Likewise, ADECCO withdraw an offer to place Plaintiff at another winery.

10. In October 2015, Karen Arthur was diagnosed with breast cancer. JAMES shared his wife's diagnosis with Coordinator Lou Vasconi and Manager Anne LaBlanc and other managers, including

4

COMPLAINT

HR. JAMES asked Anne if his days off could be moved to spend more time with his wife.

11. On or about November 30, 2015, PLAINTIFF'S wife underwent surgery and PLAINTIFF asked Anne to change his schedule so that he could care for his wife and drive her to medical appointments. Anne sometimes agreed to change PLAINTIFF'S schedule to accommodate him and other times she did not. Anne and Director Ainslie Bruneau informed employees that all medical appointments should be scheduled on days off, yet MONDAVI employees were not given their weekly schedules until Friday or Saturday for the following week, making it difficult, if not impossible, for PLAINTIFF to schedule medical appointments on his days off.

12. On or around early May 2016, PLAINTIFF began looking for permanent employment that would provide medical insurance. PLAINTIFF informed Vasconi that he had phone interviews so that PLAINTIFF would not have to take time off work to participate in the interviews. On or about May 17, 2016, Anne offered PLAINTIFF a job at MONDAVI, with a start date of June 6, 2016. Ann stated to PLAINTIFF that she understood his need for an accommodation to occasionally take time off to care for his wife.

13. On or about May 18, 2016, PLAINTIFF informed Anne that he had applied for PFL and FMLA through Hartford Insurance (ADECCO) and that he needed the dates and hours missed from April 1, 2016 going forward. Anne agreed to email the requested records by the following morning, but she failed to provide the records.

14. On or about June 1, 2016, Anne LeBlanc escorted PLAINTIFF to Ainslie Bruneau's office where Ainslie informed PLAINTIFF that the job offer from MONDAVI was being rescinded and that he was also being terminated as a "seasonal" employee due to "availability and time management".

15. Shortly after Plaintiff was terminated from his position at MONDAVI and the offer of full time employment was withdrawn, ADECCO offered PLAINTIFF a position at another winery,

5
COMPLAINT

Sonoma-Cutrer, which was withdrawn because of PLAINTIFF'S need for accommodation. PLAINTIFF was locked out of his ADECCO email account and his phone calls concerning employment went unanswered all because of his need for accommodation to care for Karen, his ill wife.

16. Neither ADECCO nor MONDAVI or Does 1-20 engaged in the interactive process to determine if ongoing accommodations were possible and made it unreasonably difficult for PLAINTIFF to schedule his wife's medical appointments by not revealing the days and hours he would work the following week until the previous Friday despite requests from PLAINTIFF that he be provided more lead time. PLAINTIFF needed more notice because of the difficulty of scheduling medical appointments around the days he was assigned to take days/time off from work.

17. MONDAVI complained about PLAINTIFF'S request for accommodation and callously justified terminating PLAINTIFF and withdrawing an offer of a full time position based on PLAINTIFF'S need for time off to care for his wife. MONDAVI discriminated saying that the withdrawal of a job offer and decision to terminate as a co-employee of ADECCO/MONDAVI was based on PLAINTIFF'S "availability and time management", code for we no longer want to accommodate you under FMLA, CFRA and FEHA.

18. Thereafter, ADECCO never followed through on the promise of placing PLAINTIFF at Sonoma-Cutrer Winery and initially denied FMLA leave. ADECCO only approved FMLA leave after Plaintiff was terminated from his position at MONDAVI and the offer of employment there had been withdrawn, and after ADECCO withdrew the offer of placement and employment at Sonoma-Cutrer Winery which all combined to make FMLA irrelevant because Plaintiff was now unemployed because of his need for accommodation for his own disability and the disability suffered by his wife.

19. PLAINTIFF was terminated by his co-employers, or his co-employers withdrew offers of employment at MONDAVI, and Sonoma-Cutrer Winery through ADECCO, because of his need and

request for time off under FMLA/CFRA and FEHA.

20. Throughout PLAINTIFF'S employment with DEFENDANTS, and each of them, PLAINTIFF routinely missed required meal and rest breaks. Meal breaks were frequently missed due to tours that took longer than scheduled due to customer questions and MONDAVI'S requirement that PLAINTIFF spend additional time signing up customers to their wine club following each tour. PLAINTIFF was never provided with a morning break and MONDAVI did not even bother to assign morning breaks on the daily schedule. Plaintiff was not compensated for his missed meal and rest breaks and, on information and belief alleges he was not paid for the times he worked through a meal period due to the demands of his job.

21. On or about July 8, 2016, PLAINTIFF filed a complaint with the Department of Fair Employment and Housing within less than one year of the termination of his employment by Defendants and the withdrawal of temporary positions with the Defendants and Plaintiff was issued a right to sue letters.

22. On or about July 20, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and was issued a right to sue letter.

## FIRST CLAIM

**Interference With FMLA Rights in violation of 29 U.S.C. §§ 2601, *et seq*.
Against Defendants CONSTELLATION BRANDS, INC. DBA ROBERT MONDAVI WINERY; ADECCO USA, INC. DBA ADECCO STAFFING; and DOES ONE through TWENTY, inclusive**

23. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

24. Plaintiff alleges this first and separate claim for violations of 29 U.S.C. §§ 2601, *et seq.* against Defendants MONDAVI, ADECCO, and DOES ONE through TWENTY, inclusive, and each of them.

25. At all material times herein, FMLA was in effect and pursuant to 29 U.S.C. § 2611(4)(A)(ii)(I) imposed liability on covered employers and "any person who acts directly or indirectly in the interest of the employer to any of the employees of such employer" for interfering, restraining, or denying the exercise of, or attempt to exercise, any right provided under FMLA pursuant to 29 U.S.C. § 2615(a).

26. Defendants, and each of them, interfered, restrained, or denied the exercise of, or attempt to exercise, Plaintiff's rights under FMLA.

27. Defendants' interference, restraint, or denial of the exercise of, or attempt to exercise Plaintiff's rights under FMLA included interference with and denial of Plaintiff's right to a medically necessary reduced work schedule to care for his wife; withdrawing an offer of a full-time position due to "availability and time management"; and unlawfully terminating Plaintiff when he exercised his right to FMLA.

28. Plaintiff's exercise of his rights under FMLA was a motivating reason for Defendants' adverse treatment of Plaintiff.

## SECOND CLAIM

**Violation of CFRA Rights in violation of Gov't Code §§ 12945.1 *et seq*.
Against Defendants CONSTELLATION BRANDS, INC. DBA ROBERT MONDAVI
WINERY; ADECCO USA, INC. DBA ADECCO STAFFING; and DOES ONE through
TWENTY, inclusive**

29. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

30. Plaintiff alleges this second and separate claim for violations of Gov't Code §§ 12945.1 *et seq. et seq.* against Defendants MONDAVI, ADECCO, and DOES ONE through TWENTY, inclusive, and each of them.

31. At all material times herein, the CFRA was in effect and made it an unlawful employment practice for an employer to violate an employee's rights under the CFRA pursuant to section 12945.2(a) of the Government Code.

32. At all material times herein, the CFRA imposed strict liability on covered employers who discriminated against an employee for exercising his right to leave or otherwise interfered with an eligible employee's CFRA rights pursuant to 2 C.C.R. § 7297.1 and Section 1615(a)(2) of the United States Code.

33. Defendants, and each of them, discriminated against Plaintiff and otherwise interfered with his CFRA rights because he exercised, or tried to exercise, his CFRA rights, including interference with and denial of Plaintiff's right to a medically necessary reduced work schedule to care for his wife; withdrawing an offer of a full-time position due to "availability and time management"; and unlawfully terminating Plaintiff.

34. Plaintiff's exercise of, or attempt to exercise, his CFRA rights was a motivating reason for Defendants' adverse treatment of him.

## THIRD CLAIM

**Disability Discrimination, Retaliation, and Wrongful Termination in Violation of Gov't Code §§ 12940(a) *et seq.***
**Against Defendants CONSTELLATION BRANDS, INC. DBA ROBERT MONDAVI WINERY; ADECCO USA, INC. DBA ADECCO STAFFING; and DOES ONE through TWENTY, inclusive**

35. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

36. Plaintiff alleges this third and separate claim for violations of Gov't Code §§ 12940(a) *et seq.* against Defendants MONDAVI, ADECCO, and DOES ONE through TWENTY, inclusive, and each of them.

37. The FEHA prohibits discrimination on the basis of disability in employment.

38. Defendants, and each of them, through their course of conduct denied Plaintiff a benefit of employment, in whole or in part, because he is an individual with known disabilities and he was an immediate family member of someone requiring he be accommodated in violation of Government Code 12940(a) and 2 C.C.R. §7293.7.

39. In addition to the adverse actions alleged above, Defendants, and each of them, discriminated against Plaintiff, denied him reasonable accommodation, and refused to engage in good faith in an interactive process because of his known disabilities.

## FOURTH CLAIM

**Failure to Provide Reasonable Accommodation in Violation of Gov't Code §§ 12940(m) *et seq*.
Against Defendants CONSTELLATION BRANDS, INC. DBA ROBERT MONDAVI WINERY; ADECCO USA, INC. DBA ADECCO STAFFING; and DOES ONE through TWENTY, inclusive**

40. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

41. Plaintiff alleges this fourth and separate claim for violations of Gov't Code §§ 12940(m) *et seq*. against Defendants MONDAVI, ADECCO, and DOES ONE through TWENTY, inclusive, and each of them.

42. Defendants, and each of them, failed to provide reasonable accommodation of Plaintiff's and Plaintiff's wife's known disabilities in violation of Section 12904(m) of the Government Code and 2 C.C.R. § 7293.9.

## FIFTH CLAIM

**Failure to Engage in Good Faith in an Interactive Process in Violation of Gov't Code §§ 12940(n) *et seq*.
Against Defendants CONSTELLATION BRANDS, INC. DBA ROBERT MONDAVI WINERY; ADECCO USA, INC. DBA ADECCO STAFFING; and DOES ONE through TWENTY, inclusive**

43. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

44. Plaintiff alleges this fifth and separate claim for violations of Gov't Code §§ 12940(n) *et seq*. *et seq*. against Defendants MONDAVI, ADECCO, and DOES ONE through TWENTY, inclusive, and each of them.

45. Defendants, and each of them, failed to engage in good faith in a prompt, ongoing, interactive

consultation regarding reasonable accommodation of Plaintiff's disabilities in violation of Section 12940(n) of the Government Code.

### SIXTH CLAIM

**Violation of the Fair Labor Standards Act**
**29 U.S.C. §§ 207, 216(b), and 255(a)**
**Failure to Properly Pay Overtime Wages and For All Hours Worked**
**Against Defendants CONSTELLATION BRANDS, INC. DBA ROBERT MONDAVI WINERY; ADECCO USA, INC. DBA ADECCO STAFFING; and DOES ONE through TWENTY, inclusive**

46. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

47. Plaintiff alleges this sixth and separate claim for violations of 29 U.S.C. §§ 207, 216(b), and 255(a) against Defendants MONDAVI, ADECCO, and DOES ONE through TWENTY, inclusive, and each of them.

48. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq.

49. Defendants operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 et seq. and related Department of Labor regulations.

50. Defendants routinely required and/or suffered or permitted Plaintiff to work more than 8 hours per day and forty hours per week without paying all of his wages for such overtime work, including the times Plaintiff was required to work through meal periods without receiving compensation.

51. In failing to pay Plaintiff all overtime wages at one-and-one-half times his regular rate of pay, Defendants willfully violated the FLSA.

52. As a direct and proximate result of Defendants' failure to pay the Plaintiff's proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

53. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff his proper wages.

54. Defendants are thus liable to Plaintiff for liquidated damages in an amount equal to his lost wages over a three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) and 255(a).

55. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA.

## SEVENTH CLAIM

**Violation Of California Labor Code §§ 510, 1194, 1197, 1194.2, 1771, 1776
Failure To Pay Overtime Wages And For All Hours Worked
Against Defendants CONSTELLATION BRANDS, INC. DBA ROBERT MONDAVI
WINERY; ADECCO USA, INC. DBA ADECCO STAFFING; and DOES ONE through
TWENTY, inclusive**

56. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

57. Plaintiff alleges this seventh and separate claim for violations of California Labor Code §§ 510, 1194, 1197, 1194.2, 1771, 1776 against Defendants MONDAVI, ADECCO, and DOES ONE through TWENTY, inclusive, and each of them.

58. At all times mentioned herein, Defendants were subject to the overtime wage laws of the State of California pursuant to California Labor Code § 510, regarding work undertaken for Defendants.

59. Pursuant to California Labor Code § 510, Defendant had a duty to pay their employees, including Plaintiff, no less than the one and one-half times his contractually agreed upon regular rate of pay for hours worked in excess of 8 hours (less than 12 hours per day) a day and 40 hours a week, work on the seventh consecutive day or double time hours for work in excess of 12 hours per day, or after the first 8 hours on the seventh consecutive day in row. Under California Labor Code § 1194, Plaintiff is entitled to be paid overtime wages and has standing to sue for such violations.

60. Pursuant to California Labor Code § 1194, Plaintiff seeks as earned but unpaid overtime wages and wages for all hours worked, payment at one-and-a-half times the regular rate for hours worked in excess of 8 hours a day or 40 hours a week. Plaintiff is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

61. As a result of Defendants' violations of statutory duties, as more fully set forth above, Plaintiff earned but was not paid wages in an amount above the jurisdictional limits of this court. Plaintiff is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

62. At all times mentioned herein, Defendants were subject to the minimum wage laws of the State of California pursuant to California Labor Code §§ 1194 and 1194.2.

63. Pursuant to California Labor § 1194, Defendant had a duty to pay their employees, including Plaintiff, no less than the minimum wage, including the minimum overtime wage, for all hours worked. Under California Labor Code § 1194, Plaintiff is entitled to be paid minimum wages and has standing to sue for such violations.

64. Pursuant to California Labor Code §§ 1194 and 1194.2, Plaintiff seeks unpaid minimum wages and penalties for the failure to pay at least minimum wage, including the minimum overtime rate for all hours worked over eight hours in a day or forty hours in a week, or for work on the seventh day of the work week.

65. Wherefore, Plaintiff is entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code §§ 218.5, 1194(a).

66. As a result of Defendants' violations of statutory duties, as more fully set forth above, Plaintiff's earned but were not paid wages in an amount above the jurisdictional limits of this court.

67. As a direct and proximate result of Defendants' conduct, Plaintiff is also entitled to

attorney's fees under California Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

### EIGHTH CLAIM

**Violation Of California Labor Code § 226
Failure To Provide an Itemized Wage Statement
Against Defendants CONSTELLATION BRANDS, INC. DBA ROBERT MONDAVI WINERY; ADECCO USA, INC. DBA ADECCO STAFFING; and DOES ONE through TWENTY, inclusive**

68. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

69. Plaintiff alleges this eighth and separate claim for violations of California Labor Code § 226 against Defendants MONDAVI, ADECCO, and DOES ONE through TWENTY, inclusive, and each of them.

70. California Labor Code § 226(a) provides that every employer shall, semimonthly or at the time of each payment of wages, provide each employees with a written, itemized statement showing, inter alia, the gross wages earned, the total hours worked by the employee, and the applicable hourly rate in effect during the pay period and the corresponding number of hours earned at each hourly rate.

71. The IWC Wage Orders also establish the requirement set forth in Paragraph 70. (See 8 Cal. Code of Regs. § 11040(8).)

72. California Labor Code § 226(e) provides: An employee suffering injury as a result of a knowing and intentional failure by employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which the violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and is entitled to an award of costs and attorney's fees.

73. Defendants have failed and continue to fail to provide accurate, itemized wage statements to Plaintiff, in that the wage statements that Defendant provides to his employees, including Plaintiff's, do not accurately reflect the actual hours worked and the wages earned.

74. Defendants are liable to Plaintiff for the amounts described above, in addition to the civil penalties provided for in California Labor Code § 226.3.

75. Plaintiff has incurred, and will continue to incur, attorney's fees in the prosecution of this action and therefore demand such reasonable attorneys' fees and costs as set by the Court.

### NINTH CLAIM

**Violation Of California Labor Code § 203**
**Waiting Time Penalties**
**Against Defendants CONSTELLATION BRANDS, INC. DBA ROBERT MONDAVI WINERY; ADECCO USA, INC. DBA ADECCO STAFFING; and DOES ONE through TWENTY, inclusive**

76. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

77. Plaintiff alleges this eighth and separate claim for violations of California Labor Code § 203 against Defendants MONDAVI, ADECCO, and DOES ONE through TWENTY, inclusive, and each of them.

78. California Labor Code § 201(a) requires an employer who discharges an employee to pay the employee immediately upon discharge.

79. California Labor Code § 202(a) requires an employer to pay compensation due and owing to an employee who has quit or resigned within seventy-two (72) hours of that the time at which the employee provided notice of his intention to quit or resign.

80. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under California Labor Code §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up

to thirty (30) days.

81. Plaintiff is entitled to unpaid compensation for all hours worked at the legally mandated rates, but for which he has not yet been paid, including overtime wages.

82. Plaintiff has left the employ of Defendant, but has not yet been fully compensated for the hours that he worked.

83. Defendant have willfully failed and refused to make timely payment of wages to Plaintiff.

84. As a direct and proximate result of Defendants alleged conduct, Defendants are liable to Plaintiff for up to thirty (30) days of waiting time penalties pursuant to California Labor Code § 203.

### TENTH CLAIM

**Violation Of California Labor Code § 226.7
Failure to Pay Meal and Rest Period Compensation
Against Defendants CONSTELLATION BRANDS, INC. DBA ROBERT MONDAVI WINERY; ADECCO USA, INC. DBA ADECCO STAFFING; and DOES ONE through TWENTY, inclusive**

85. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

86. Plaintiff alleges this tenth and separate claim for violations of California Labor Code § 226.7 against Defendants MONDAVI, ADECCO, and DOES ONE through TWENTY, inclusive, and each of them.

87. DEFENDANTS routinely failed and refused to reasonably provide Plaintiff with meal and rest periods during his work shifts, and failed and refused to compensate Plaintiff when he performed work during said meal and rest periods, as required by Labor Code § 226.7 and the other applicable laws and regulations.

88. DEFENDANTS deprived Plaintiff of his rightfully earned compensation for missed meal and rest periods, as a direct and proximate result of DEFENDANTS' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorney's fees and

costs, plus statutory and civil penalties pursuant to Labor Code § 558 and the other applicable laws and regulations.

### ELEVENTH CLAIM

**Violation Of Business & Professions Code § 17200 *et seq.*  
Restitution for Unfair Business Practices  
Against Defendants CONSTELLATION BRANDS, INC. DBA ROBERT MONDAVI WINERY; ADECCO USA, INC. DBA ADECCO STAFFING; and DOES ONE through TWENTY, inclusive**

89. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

90. Plaintiff alleges this eleventh and separate claim for violations of California Labor Code § 17200 *et seq.* against Defendants MONDAVI, ADECCO, and DOES ONE through TWENTY, inclusive, and each of them.

91. At all times relevant herein, Plaintiff's employment with Defendants was subject to the FLSA, California Labor Code, and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid at an overtime rate for work performed in excess of 40 hours per week or 8 hours per day. Said laws also required payment for all hours worked.

92. At all times relevant herein, Defendants were subject to the California Unfair Trade Practice Act, Bus. & Prof. Code §§ 17000 et seq. Defendants failed to pay Plaintiff the overtime rate for his overtime hours, as required by California law. Plaintiff and other members of the general public employed by Defendant were entitled to those wages, which Defendants kept to themselves. California law also calls for rest breaks to be scheduled, which changes a business' staffing levels and gave Defendants an economic advantage over law-abiding businesses.

93. In doing the acts complained of herein above, Defendants engaged in unfair competition by committing acts prohibited by the FLSA, California Labor Code, applicable IWC Wage Orders,

FMLA and CFRA. Such acts gave Defendants a competitive advantage over other employers who were in compliance with the law.

94. As a direct and proximate result of Defendants' violations and failure to pay the required wages and overtime pay, and Defendants failure or refusal to accommodate Plaintiff's need for time off, Plaintiff's rights under the law were violated, and he suffered general damages in the form of unpaid wages in an amount to be proved at trial.

95. Defendants have been aware of the existence and requirements of the Unfair Trade Practice Act and the requirements of the FLSA, California Labor Code, and applicable IWC Wage Orders, but knowingly, willfully, and intentionally failed to pay Plaintiff and other members of the general public employed by them overtime pay.

96. Plaintiff and other members of the general public employed by Defendants can and will comply with the requirements and standards to the extent required by law to prosecute this violation as a representative action under the Unfair Trade Practice Act.

97. Plaintiff and other members of the general public employed by Defendants have been illegally deprived of their overtime pay and herein seek restitution of those wages pursuant to California Business and Professions Code § 17203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For an order awarding Plaintiff compensatory damages for all wages earned but not paid due to missed meal and rest breaks, and all overtime wages earned and not paid,

2. For liquidated damages per the FLSA and equal to unpaid wages under the First Count and for liquidated damages under California state law;

3. For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under California Labor Code §§ 201-204, 210, 211, 226(e), 226.3 and

226.7(b), together with interest on these amounts;

4. For earned but unpaid wages as equitable relief under the Unfair Competition Act over a 4-year statute of limitations;

5. For pre-judgment interest of 10% on the unpaid wages and overtime compensation under California Labor Code §§ 1194(a);

6. For "waiting time" penalties under California Labor Code § 203;

7. For an award of reasonable attorneys' fees, as provided by 29 U.S.C. § 216(b) of the FLSA and California Labor Code §§ 218.5, 226(e), and 1194, Government Code §12965(b), and/or other applicable law;

8. Compensatory and general damages for Plaintiff in an amount to be determined according to proof at trial.

9. For costs of suit herein plus reasonable attorney fees (LC § 218.5);

10. For such other and further relief as the Court may deem appropriate.

Dated: August 15, 2016                            KESTEN-LAW


By ____//Steven Kesten//_____
Steven Kesten
Samuel Kesten
Attorneys for Plaintiff
JAMES ARTHUR

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims.

Dated: August 15, 2016           By ____//Steven Kesten//_____
Steven Kesten
Samuel Kesten
Attorneys for Plaintiff
JAMES ARTHUR