UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES ARTHUR,

    Plaintiff,

    v.

CONSTELLATION BRANDS, INC., et al.,

    Defendants.

Case No. 16-cv-04680-RS

**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO STRIKE AFFIRMATIVE DEFENSES IN ANSWER**

## I. INTRODUCTION

Plaintiff James Arthur claims he was improperly terminated from employment at a winery operated by Defendant Constellation Brands. He now moves to strike all twenty affirmative defenses in Constellation's answer to his complaint. Arthur argues that all of the defenses fail to give fair notice of the grounds on which they rest and several are not affirmative defenses at all, but denials of the complaint's allegations. For the following reasons, Arthur's motion is granted in part and denied in part.[1]

## II. BACKGROUND

Arthur began working as a temporary employee at a winery, allegedly operated by Constellation, in June 2015. In October 2015, his wife was diagnosed with breast cancer. In the months that followed, he frequently requested time off to care for her. In May 2016, Arthur informed his supervisors that he was looking for permanent employment with medical benefits. In response, he alleges, they offered him a permanent position at the winery. Thereafter, he informed them that he had filed for paid family leave. The following day, he says, his supervisors rescinded

---

[1] Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument.

the offer and terminated his employment because of his "availability and time management." Compl. ¶14. Arthur claims that Constellation used "availability and time management" to disguise discrimination. He brings eleven claims against Constellation, including for violations of the Family Medical Leave Act ("FMLA"), the Fair Labor Standards Act ("FLSA"), the Americans with Disabilities Act ("ADA"), California Family Rights Act ("CFRA"), the Fair Employment and Housing Act ("FEHA"), and California's fair wage and competition laws.

In its answer, Constellation admits it operates a business, but denies that it owns or operates the winery where Arthur worked. Constellation denies it ever employed or terminated Arthur. Constellation admits that it sent Arthur an offer letter in May 2016, but denies it was an unconditional offer of employment. Constellation asserts twenty affirmative defenses, which it seems to contend apply equally to each of Arthur's eleven claims. Arthur moves to strike all twenty affirmative defenses. Constellation opposes the motion but agrees to withdraw affirmative defenses 17 (at-will employment) and 20 (reservation of all rights).

### III. LEGAL STANDARD

A court may strike affirmative defenses under Federal Rule of Civil Procedure 12(f) if they present an "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." A defense is insufficiently pleaded if it fails to give the plaintiff fair notice of the nature of the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A matter is impertinent if it does not pertain, and is not necessary, to the issues in question in the case. *Id*. The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy,* 984 F.2d at 1527. A motion to strike should be granted if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of issues. *Id.,* at 1527–28.

Motions under Rule 12(f) are generally disfavored, since such motions are frequently used as stalling tactics and since pleadings are of more limited importance in federal practice. *See*

*Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004). If there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits. *See Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970 (9th Cir. 2010). Some courts also refuse to grant Rule 12(f) motions unless prejudice would result to the moving party from denial of the motion. *Platte*, 352 F.Supp.2d at 1057. When striking a claim or defense, leave to amend should be freely given if doing so does not cause prejudice to the opposing party. *Wyshak*, 607 F.2d at 826.

## IV. DISCUSSION

Arthur moves to strike Constellation's affirmative defenses, contending they are defective in two ways: (1) all fail to provide fair notice of the grounds on which they rest; and (2) most are negative, rather than affirmative, defenses.

### A. Insufficiently Pleaded Defenses

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)). Courts in this district have generally construed "fair notice" to require that affirmative defenses satisfy the *Twombly/Iqbal* plausibility standard. *See Hernandez v. Dutch Goose, Inc.*, Case No. C13-3537 LB, 2013 WL 5781476, at *4 n.2 (N.D. Cal. Oct. 25, 2013). The Ninth Circuit, however, recently held that an answer requires "only describing the defense in 'general terms,'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998)). It did not, however, explicitly find the *Twombly/Iqbal* standard inapplicable to affirmative defenses. In any event, as discussed below, most of Constellation's affirmative defenses fail to satisfy even the more forgiving "fair notice" standard. At minimum, "fair notice" requires some pleading of facts: "Neither mere reference to a legal doctrine, nor a bare recitation of statutory provisions, provides fair notice of an affirmative defense absent some fact or argument explaining the defense." *Barrilleaux v. Mendocino Cnty.*, No. 14-cv-1373, 2016 U.S. Dist. LEXIS 46078

(N.D. Cal. Apr. 4, 2016). In *Wyshak*, the Ninth Circuit found that an affirmative defense that "plaintiff's claims are barred by the applicable statute of limitations" provided fair notice because it was supported by an attached memorandum making "specific mention" of the statute of limitations on which the defendant relied. 607 F.2d at 827. The Ninth Circuit concluded that "under these circumstances the statute of limitations was adequately pleaded," *id*., implying that without the memorandum, the defense would not have given fair notice.

Most of Constellation's affirmative defenses merely refer to legal doctrines. For example, the first affirmative defense states that "[t]he Complaint, and each cause of action therein, is barred due to plaintiff's failure to timely exhaust the required administrative remedies." Yet, Constellation fails to identify any specific administrative remedies that Arthur should have exhausted. Neither the FLSA nor FMLA require a plaintiff employee to exhaust administrative remedies before filing a claim in federal court. *See* 29 U.S.C. §§ 2617, 216(b). Likewise, FEHA and CFRA do not require exhaustion beyond that plaintiffs obtain a notice of right to sue before pursuing their claims in court, *see Mora v. Chem-Tronics, Inc.*, 16 F. Supp. 2d 1192, 1201 (S.D. Cal. 1998), and Arthur alleges he obtained these notices in July 2016.

Constellation's second affirmative defense fares no better. It states that Arthur's claims are barred by "all applicable statutes of limitation, including but not limited to those found at California Code of Civil Procedure Sections 335.1, 337, 338, 339, 340, 343; California Labor Code Sections 203, 2699 et seq.; California Government Code Sections 12960 and 12965; California Business and Professions Code Section 17208; 29 U.S.C. Sections 255 and 2601; and any other applicable statutes of limitation." As an initial matter, the catchall "all applicable statutes of limitation" does not give fair notice. *See Solis v. Zenith Capital, LLC*, 2009 WL 1324051 (N.D. Cal. May 8, 2009) ("[The] legal conclusion that the complaint 'is barred by the applicable statutes of limitation,' is inadequate to provide 'fair notice' of this defense."). Moreover, Constellation does not assert how Arthur's claims are foreclosed by the statutes listed. Indeed, the first statute to which Constellation refers, California Code of Civil Procedure § 335.1, is the statute of limitations for negligent assault and battery. None of Arthur's claims relate to

assault or battery. As pleaded, this defense does not provide fair notice to Arthur and includes allegations impertinent to his claims.

Affirmative defenses 3, 5, 7-13, 15, 18 and 19 fail for similar reasons. For instance, the third affirmative defense asserts that the exclusive remedy for Arthur's injuries is "provided under the workers' compensation laws of California," but Arthur does not allege he was injured in the course of employment. The seventh affirmative defense asserts Arthur's "contributory/ comparative negligence," but the "proposition that contributory or comparative negligence applies in the employment discrimination context in the absence of a negligence claim" is unsupported. *Ingram v. Pac. Gas & Elec. Co.*, No. 12–CV–02777–JST, 2014 WL 295829 (N.D. Cal. Jan.27, 2014). The nineteenth affirmative defense states, "[t]o the extent Plaintiff signed a valid and enforceable arbitration agreement, Plaintiff cannot proceed with his Complaint in this Court," but Constellation does not allege that it entered into an arbitration agreement with Arthur. Affirmative defenses 8, 11, 13 and 15 all essentially assert that Constellation's conduct was undertaken for legitimate reasons.[2] Without further specificity, they are redundant of the sixteenth affirmative defense that Constellation acted with a "legitimate business purpose," which is discussed below. Accordingly, affirmative defenses 1-3, 5, 7-13, 15, 18 and 19 are stricken with leave to amend.

### B.     Remaining Defenses

Arthur argues that the remaining defenses—4, 6, 14 and 16—should be stricken because they are just denials of elements of his claims, not affirmative defenses.[3] "A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." *Zivkovic v. S. Calif. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002); *see also Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d

---

[2] The eighth affirmative defense also alleges that the conduct in the complaint is a just and proper exercise of management's discretion. Yet, common-law "managerial privilege" does not apply to statutory claims. *See E.E.O.C. v. Interstate Hotels, L.L.C.,* No. C 04-04092 WHA, 2005 WL 885604, at *2 (N.D. Cal. Apr. 14, 2005).

[3] Arthur argues that other defenses are negative defenses too, but those arguments need not be reached in light of the conclusion that the other defenses are insufficiently pleaded.

1167, 1174 (N.D. Cal. 2010) (citing *Roberge v. Hannah \*1174 Marine Corp.*, No. 96–1691, 1997 WL 468330, at \*3 (6th Cir. 1997)) ("An affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven.").

In response, Constellation argues that these defenses are properly characterized as affirmative defenses. It further contends that, if they are not affirmative defenses, they should be construed as specific denials. Constellation asserts that, if these defenses are mere denials of Arthur's prima facie case, it is difficult to understand how they will cost Arthur further time and expense beyond bringing his prima facie case.

The remaining affirmative defenses do not necessarily deny elements of Arthur's prima facie case. For example, affirmative defense 6 asserts that Constellation might later acquire evidence of wrongdoing that would have led to Arthur's termination on legitimate grounds if known earlier. *See McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362 (1995). Affirmative defense 16 alleges that legitimate business purposes justified Constellation's actions, and business necessity has been characterized as an affirmative defense. *See Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 79 (2002) (involving ADA claims).[4] In any event, parsing negative from affirmative defenses is unnecessary here because Arthur has made no showing that he will suffer prejudice if these defenses are not stricken or that striking them will avoid litigation of spurious issues. "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Accordingly, Arthur's motion is denied with regard to affirmative defenses 4, 6, 14, and 16.

## V. CONCLUSION

While Rule 12(f) motions are disfavored for raising the costs of litigation, Arthur has

---

[4] Affirmative defense 4 ("good faith dispute") does appear to overlap with Constellation's specific denials. *See* Cal. Code Regs. tit. 8, § 13520 (including in the definition of "willful failure to pay" an exception for "good faith disputes").

established sufficient grounds on which to consider such a motion to strike. For the foregoing reasons, all affirmative defenses other than numbers 4, 6, 14, and 16 must be stricken with leave to amend. The seventeenth and twentieth affirmative defenses are deemed withdrawn.

**IT IS SO ORDERED**.

Dated: October 26, 2016

_____
RICHARD SEEBORG
United States District Judge